UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO DIVISION

MARIA GALLAGHER, Individually,

        Plaintiff,

vs.

AMAZING GRACE HOTELS, LLC, a Delaware Limited Liability Company,

        Defendant.

Case No.: 3:21-cv-32

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, MARIA GALLAGHER, on her behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, AMAZING GRACE HOTELS, LLC, a Delaware Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("ADA"), and injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to Ohio Disability Discrimination Law, O.R.C. § 4112.01, et seq.

**COUNT I**
**VIOLATION OF TITLE III OF THE**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, et seq.**

1.    Plaintiff, Maria Gallagher, is an individual residing in West Palm Beach, FL, in the county of Palm Beach.

2.    Defendant's property, Radisson Hotel at The University of Toledo, is located at 3100 Glendale Ave., Toledo, OH 43614, in Lucas County.

3.    Venue is properly located in the Northern District of Ohio because venue lies in the

judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. The Court has supplemental jurisdiction over the State Law Claim, pursuant to 28 U.S.C. 1367.

5. Plaintiff, MARIA GALLAGHER is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Because of the condition of her hip, chronic right trochanteric bursitis, she gets around when going short distances, by the use of a walker or a cane; while going longer distances, she gets around through the use of a wheelchair.

6. Ms. Gallagher goes to Toledo, Ohio, and the surrounding suburbs approx four (4) times per year, with her husband, Robert Gallagher who has three (3) sisters living in the area, two of whom live in Toledo, Ohio, and one who lives in Perrysburg, Ohio. Mrs. Gallagher definitely intends to return to the Toledo area in the near future, and would stay at the subject property, if the property is made accessible. Mrs. Gallagher expects to visit the Toledo area even more often, as one of her husband's sisters is seriously ill.

7. Mrs. Gallagher stayed at the Radisson Hotel at The University of Toledo on October 12-13, 2020, and plans to return to the subject property in the near future to avail herself of the goods and services offered to the public at the property, when the hotel is made accessible for her use.

8. Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Radisson Hotel

at The University of Toledo and is located at 3100 Glendale Ave., Toledo, OH 43614.

9. Maria Gallagher has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Maria Gallagher desires to visit Radisson Hotel at The University of Toledo not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182, et seq.

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, <u>inter alia</u>, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Radisson Hotel at The University of Toledo has shown that violations exist. These violations, which Maria Gallagher encountered or observed, include, but are not limited to:

    **A.** **Accessible Routes**

        1. There is no marked access aisle adjacent to the vehicle pull-up space of the passenger loading zone making it difficult for the Plaintiff to safely traverse to the lobby entrance, in violation of Sections 503.3 and 503.3.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    2.    The Plaintiff had difficulty traversing the facility due to site arrivals point not providing accessible routes to the public streets and sidewalks, in violation of Sections 206.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

    3.    There is no accessible route provided from the accessible parking to the accessible entrance of the lobby making it difficult for the Plaintiff to traverse, in violation of Section 206.2.2 of the 2010 ADA Standards, whose resolution is readily achievable.

    4.    The walking surface does not provide at least a minimum of 36 inches of clear width due to the obstruction of the tree making it difficult for the Plaintiff to traverse, in violation of Section 403.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

    5.    The threshold at the entrance has changes in level greater than the maximum allowance of ½ inch making it difficult for the Plaintiff to utilize, in violation of Section 404.2.5 in the 2010 ADA Standards, whose resolution is readily achievable.

**B.**     <u>**Parking**</u>

    1.    The striping and markings for the accessible parking stall are dilapidated and in need of repair and maintenance making it difficult for the Plaintiff to identify, in violation of Section 36.211 in the Code of Federal Regulations, whose resolution is readily achievable.

**C.**     <u>**Common Area**</u>

    2.    The service bar and dining tables exceed the maximum height of 34 inches above the finished floor making it difficult for the Plaintiff to utilize, in violation of Section 902.3 in the 2010 ADA Standards, whose resolution is readily achievable.

**D.**     <u>**Public Restroom**</u>

    1.    The toilet paper dispenser is not in the compliant location as required making it difficult for the Plaintiff to use, in violation of Section 604.7 in the 2010 ADA Standards, whose resolution is readily achievable.

2. The side wall grab bar does not extend 54 inches from the rear wall as required making it difficult for the Plaintiff to utilize, in violation of Section 604.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

3. The Plaintiff had to use caution when utilizing the public restroom lavatory due to the drain pipe and water lines being exposed, in violation of Section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

4. The accessible stall does not provide a u-pull door handle on the inside of the stall door as required, making it difficult for the Plaintiff to utilize, in violation of Sections 404.2.7 and 604.8.1.2 in the 2010 ADA Standards, whose resolution is readily achievable.

E. **Guest Room 513**

1. The guest room is missing compliant signage with the International Symbol of Accessibility as required making it difficult for the Plaintiff to locate, in violation of Sections 216.1 and 703.1 in the 2010 ADA Standards, whose resolution is readily achievable.

2. The latch lock for the guestroom door exceeds the maximum height allowance of 48 inches making it difficult for Plaintiff to reach and utilize, in violation of Sections 308.2.1 and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

3. The dresser drawer knobs requires tight grasping and pinching of the wrist making it difficult for the Plaintiff to operate, in violation of Section 309.4 in the 2010 ADA Standards, whose resolution is readily achievable.

4. The curtain rod requires tight grasping and pinching of the wrist to operate making it difficult for the Plaintiff to utilize, in violation of Section 309.4 in the 2010 ADA Standards, whose resolution is readily accessible.

      5.      The Plaintiff had to use caution when utilizing the lavatory due to the drainpipe and water lines being exposed, in violation of Section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

      6.      The handheld shower spray unit is not in the compliant location on the back wall adjacent to the fixed seat and not equipped with a non-positive on/off control making it difficult for the Plaintiff to utilize, in violation of Sections 608.5.2 and 608.6 in the 2010 ADA Standards, whose resolution is readily achievable.

      7.      The tissue box and toilet paper are obstructing the 1 ½ inches of spacing below the rear wall grab bar making it difficult for the Plaintiff to use the gripping surface, in violation of Section 609.3 in the 2010 ADA Standards, whose resolution is readily achievable.

      8.      The toilet is obstructing the clear floor space for an approach to the towel rack making it difficult for the Plaintiff to utilize, in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards, whose resolution is readily achievable.

**F.**      **<u>Maintenance</u>**

      1.      The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211.

**G.**      **<u>Number and Dispersement of Rooms</u>**

      1.      The subject hotel lacks the required number of compliant disabled rooms and the compliant disabled rooms are not dispersed amongst the various classes of guest rooms in violation of Section 224.5 of the 2010 ADAAG.

12.    All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines, and the 2010 ADA Standards for Accessible Design (ADAAG), as promulgated by the U.S. Department of Justice.

13.    The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of

public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14. Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181, et seq. and 28 CFR 36.302, et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

16. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's

fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

17. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

18. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

19. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Radisson Hotel at The University of Toledo to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

### COUNT II
### VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
### O.R.C. § 4112.01, et seq.

20. Plaintiff restates the allegations of paragraphs 1-19 as if fully rewritten here.

21. The Defendant's property, Radisson Hotel at The University of Toledo, and the businesses therein, are "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

22. Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff full enjoyment of its accommodations, advantages, facilities, or privileges. Plaintiff Maria Gallagher has experienced extensive barriers to access at the Radisson Hotel at The University of Toledo in the state of Ohio. The Defendant's acts are willful, severe and ongoing.

23. Pursuant to O.R.C. § 4112.99, Plaintiff is entitled to compensatory damages, and attorneys fees and costs, in an amount to be determined at trial, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

    e.      For Count II, compensatory damages, and attorneys fees and costs, in an amount to be determined, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

    f.      The court to enter an Order that shall further require the Defendant to maintain the required accessible features on an ongoing basis.

Respectfully submitted,

  /s/   Owen B. Dunn, Jr..
Owen B. Dunn, Jr., Esq., OH Bar No. 0074743
The Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
Telephone: (419) 241-9661
Facsimile: (419) 241-9737
E-mail: dunnlawoffice@sbcglobal.net

Lawrence A. Fuller, Esq., OH Bar No. 75793
Fuller, Fuller & Associates, P.A.
Co-Counsel for Plaintiff
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile: (305) 893-9505
E-mail: Lfuller@fullerfuller.com

Attorneys for Plaintiff